**Arthur S. CUMMINGS, James F. Wawrzyniak and other persons similarly situated, Plaintiffs,**

v.

**VIRGINIA SCHOOL OF COSMETOLOGY, INC., and Virginia State Board of Examiners of Professional Hairdressers, Defendants.**

Civ. A. No. 78–0897–R.

United States District Court, E. D. Virginia, Richmond Division.

Feb. 26, 1979.

Thomas H. Pollok, Robert P. Geary, Richmond, Va., for plaintiffs.

David W. Seitz, Sp. Asst. Atty. Gen., Richmond, Va., for Virginia School of Cosmetology, Inc.

C. Michael DeCamps, Charles E. Samuels, Richmond, Va., for Virginia State Bd. of Examiners of Professional Hairdressers.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs, Arthur S. Cummings and James E. Wawrzyniak, bring this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Virginia School of Cosmetology and the Virginia State Board of Examiners of Professional Hairdressers. Plaintiffs seek monetary relief against the defendant school solely, and declaratory and injunctive relief against both the school and the defendant State Board. Jurisdiction is acquired under 28 U.S.C. § 1343.

Plaintiffs allege various denials of due process, failure to follow state regulations, and violation of the Thirteenth Amendment prohibition against involuntary servitude. Defendants have moved to dismiss, or, in the alternative, for summary judgment with respect to all of plaintiffs' claims. The issues have been fully briefed and argued, there are no material facts in dispute, and the matter is thus ripe for disposition. For the reasons hereinafter set out, the Court is of the view that the motion of defendants is well taken.

Plaintiffs are two former students at defendant school, and they seek to represent all past, present, and future students. The defendant school is a private stock corporation in the business of hairdressing and training hairdressers. Defendant board is the state agency responsible for accrediting cosmetology schools and licensing hairdressers.

Plaintiffs entered into individual agreements with defendant school in July and October, 1977, pursuant to which the school was to provide 2,000 hours of classroom and practical instruction in exchange for a tuition charge of $2,345.00. These agreements are styled "Retail Installment Contract" and are drafted similarly to a retail sales contract. Plaintiff Cummings was expelled on May 25, 1978. Sometime during January, 1978, plaintiff Wawrzyniak withdrew from the school because of inability to make monthly tuition payments.

The practice at the school is to utilize the students as hairdressers. Customers, with full knowledge that supervised students are doing the work, pay a fee to the school. Students earn no direct monetary salary but may work and receive tuition credit. The school also has a demerit system that works to deprive students of credit hours for various infractions. Mr. Cummings alleges that in this regard he was penalized nearly 100 hours, and Mr. Wawrzyniak alleges a loss of approximately 20 hours.

Defendant school is accredited by defendant board. Such accreditation depends upon a school's meeting the curricula requirements established by the board. The board's only other involvement with the school is the promulgation of certain Professional Occupation Regulations (POR's) that apply to the operation of cosmetology schools and that regulate licensing of hairdressers.

Plaintiffs raise the following claims: (1) that defendant school denied plaintiff Cum-

mings his Fourteenth Amendment due process rights when he was expelled; (2) that defendant school's demerit system operated to deprive plaintiffs of their property rights without due process; (3) that defendant school's refusal to certify plaintiffs' accumulated hours to defendant board constituted deprivation of property without due process; (4) that defendant school's forcing students to work for tuition credit, with defendant board's knowledge, violates the due process clause; (5) that defendant school's demerit system constitutes involuntary servitude in contravention of the Thirteenth Amendment to the Constitution of the United States; (6) that the school's requiring plaintiff Cummings to spend 1,500 hours in practical experience, as required by defendant board, in exchange for $1,500.00 of tuition credit also violates the Thirteenth Amendment; (7) that the defendant school violated POR 13–22(1) by refusing to certify plaintiffs' accumulated hours to defendant board; (8) that the defendant school's curriculum has never been approved by the Virginia State Department of Education; and finally, (9) that the defendant school's requiring students to work as hairdressers in exchange for monetary credit toward their tuition costs, with the defendant board's knowledge, violates POR 13–22(d).[1] Claims (1) through (4) fall within the sweep of what may be designated as alleged due process deprivation claims, (5) and (6) are Thirteenth Amendment claims, and claims (7) through (9) are purely questions of state law.

■ Turning first to defendant board's motion to dismiss, the Court is of the view that plaintiffs have indeed fallen well short of stating a cause of action for which relief can be granted. Assuming, arguendo, that a state agency such as defendant board is subject to suit under the United States Supreme Court's most recent interpretation of the word "person" in the context of 42 U.S.C. § 1983, *see Monell v. Department of*

*Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the instant plaintiffs have failed to carry their threshold burden of showing how the board's actions, inactions, or regulations affected them sufficiently to render the board a proper party defendant. The Court is cognizant of the rule of law that requires a denial of a motion to dismiss unless there is no set of facts that plaintiffs could allege that would provide them with a cause of action against the defendant. Here, however, it is manifest that it is the action of the defendant school that prompted the instant suit, and the defendant board's inclusion as a party defendant could only have been for the purpose of attempting to characterize and establish the defendant school's actions as being within the ambit of the "color of state law" requirement of § 1983. Such effort is doomed to failure. No factual allegation is made, nor, indeed, can the Court envision any that would raise the action of the school as having been under "color of state law". *See Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974).

■ The Court having thus determined that plaintiffs have failed to state a cause of action against the defendant board, the Court now turns to the claims against the defendant school, which in the Court's view, are as readily disposed of. Claims (1) through (4), heretofore designated as due process claims, are cognizable only upon a showing that defendant school's actions were "state actions" for purposes of the Fourteenth Amendment. If ever there was a private school sufficiently beyond the long reach of the state, the instant defendant school is it. The Virginia School of Cosmetology is a private stock corporation that does not, and for obvious reasons could not, enjoy any educational exemption from income taxes. Whatever it be designated, it is essentially a commercial establishment.

---

1. POR 13–22(d) reads as follows:

No school shall pay compensation to any of its students for beauty services performed, either directly or indirectly, nor shall the school advertise for clinical patrons, unless such advertisements shall carry the designation that the services are being performed within a school of cosmetology or beauty culture by students and in no way shall the advertisement infer that the services are professional.

---

For the Court to conclude that state action exists in the instant case would be contrary to all precedent in the area of attempted suits against purely educational and legitimately private institutions. If the relationship between the instant defendant school and the Commonwealth of Virginia constitutes state action, then indeed every tonsorial establishment in the state is also engaged in state action. Plaintiffs' due process claims must be dismissed.

With respect to plaintiffs' Thirteenth Amendment contentions, the Court is of the view that the defendant school is entitled to summary judgment. The critical element in any involuntary servitude action is a showing of compulsion. *Hodges v. United States,* 203 U.S. 1, 27 S.Ct. 6, 51 L.Ed. 65 (1906); *Flood v. Kuhn,* 443 F.2d 264 (2d Cir. 1971), *aff'd* 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972). Because the undisputed facts demonstrate that plaintiffs entered their respective contracts with defendant school voluntarily, and were free to leave the school at any time (subject, of course, to their contractual obligations), the requisite showing of compulsion is totally lacking, and summary judgment will be entered for defendant school on claims (5) and (6).

Plaintiffs' remaining three claims, (7) through (9), are truly state law issues brought before the Court only on the basis of pendant jurisdiction. Having concluded that it cannot entertain further the alleged federal claims, the Court is of the view that the state claims must be dismissed.